# Exhibit A

Filing # 166243221 E-Filed 02/06/2023 06:12:51 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

_____

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>KEITH MOORE</u>
Plaintiff                                                          Case # _____

                                                                      Judge   _____

vs.
<u>CBS TELEVISION STATIONS INC, PARAMOUNT INC</u>
Defendant

_____

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.** **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.** **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

 <u>2</u>

**VI.** **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.** **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.** **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX.** **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Peter M Hoogerwoerd</u>   Fla. Bar # <u>188239</u>
   Attorney or party      (Bar # if attorney)

<u>Peter M Hoogerwoerd</u>    <u>02/06/2023</u>
 (type or print name)    Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI DADE COUNTY,
FLORIDA

**KEITH MOORE,**

       **Plaintiff,**

**vs.**                             **Case No.:**

**CBS TELEVISION STATIONS, INC.,**
**a Foreign Profit Corporation, and**
**PARAMOUNT, INC., a Foreign Profit**
**Corporation and Successor in Interest to**
**CBS BROADCASTING, INC.,**

       **Defendant(s).**

_____/

## **COMPLAINT**

Plaintiff, KEITH MOORE ("Plaintiff"), by and through the undersigned counsel, hereby

sues Defendants, CBS TELEVISION STATIONS, INC. ("Defendant" or "CBS") and

PARAMOUNT, INC. ("Defendant" or "Paramount") (collectively "Defendants"), and in support

avers as follows:

## **GENERAL ALLEGATIONS**

1. This is an action by the Plaintiff for damages exceeding $50,000, exclusive of attorneys'

   fees or costs, declaratory and injunctive relief and damages pursuant to the Civil Rights

   Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injury done to Plaintiff by the

   Defendants for discriminatory treatment on the basis of race.

2. At all times material hereto, Plaintiff was and continues to be a citizen of Florida residing

   in Miami-Dade County, Florida.

3. Defendant CBS is a Foreign Profit Corporation authorized to conduct business in the State of Florida, having a place of business in Miami-Dade County, Florida.

4. Defendant Paramount is a Foreign Profit Corporation authorized to conduct business in the State of Florida, having a place of business in Miami-Dade County, Florida.

5. Defendants, at all times material hereto, were joint employers of the Plaintiff, operating under common ownership and common management structure during the relevant period of Plaintiff's employment with Defendants.

6. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, within the jurisdiction of this Honorable Court.

7. At all times material hereto, Defendant CBS is a "person" and/or "employer pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), and it is subject to the provisions of § 1981 prohibiting racial discrimination in employment.

8. At all times material hereto, Defendant Paramount is a "person" and/or "employer pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), and it is subject to the provisions of § 1981 prohibiting racial discrimination in employment.

9. At all material times hereto, Plaintiff was an "employee" of Defendants and was subject to the protections against race discrimination in his employment pursuant to the Civil Rights Act of 1866, 42 U.S.C. §1981.

10. During the relevant period of this action, Plaintiff was an employee of Defendants performing the duties of an Operator Technician.

11. Plaintiff is a Black, African American individual and is a member of a class of persons protected against discrimination in their employment pursuant to§1981.

12. All conditions precedent for the filing of this action before this Honorable Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

13. Plaintiff has retained the undersigned counsel so that his rights and interests may be protected and has thus become obligated to provide his counsel with a reasonable attorney's fee.

## **FACTUAL ALLEGATIONS**

14. Plaintiff began his employment with Defendants on or about 2003 and, at all times material hereto, performed work for the Defendants as an Operator Technician.

15. At the time Plaintiff began working for Defendants, Plaintiff was employed as a part-time employee; though Plaintiff had at all times desired to be employed as a full-time employee.

16. As a part-time employee, Plaintiff was not provided with any employment benefits.

17. Determined to transition to being a full-time employee, Plaintiff learned how to perform many of the various positions in his department, building up his skills and qualifications to be a better candidate for employment opportunities made available by Defendants.

18. Each time Plaintiff noticed that there was an opening available for a full-time and/or permanent placement for a position at Defendants' station, Plaintiff would either apply, be assigned to, or fill-in for the person who left the position vacant in an interim capacity, if at all; however, the full-time and/or permanent position would be given to another non-Black employee.

19. Plaintiff worked for Defendants for many years without a transition to full time, permanent position, and without a meaningful promotion to a higher position or

significant increase to his salary. Defendants, through Director of Engineering Marcelo Sanchez (White, Hispanic), would often tell Plaintiff that Defendants was unable to provide someone in his position with such advancements due to budgetary concerns.

20. On or about 2015, Sanchez hired an employee by the name of "Lucho" (LNU) (White, Argentinean) as an Operator Technician. Lucho was hired by Defendants and started as a full-time employee with benefits during a time when Defendants had not been hiring or seeking applicants for full-time positions in Plaintiff's department.

21. Lucho was hired by Defendants with substantially less experience than the Plaintiff had at that time or when he was hired by Defendants. In fact, on information and belief, Plaintiff understood it to be the case that Lucho was hired by Defendants with no prior experience working in television or other types of production.

22. At or around the time that Lucho was hired, Plaintiff had been the one who was assigned to teach Lucho in multiple areas, including, but not limited to, microwave, audio, satellite operations, and other production functions.

23. Plaintiff spoke with his direct supervisors at the time to ensure that Lucho was not being paid more than him, considering Plaintiff had to take time away from his duties to train Lucho due to his inexperience. Plaintiff given assurance at the time that Lucho was not being paid a higher salary than he was.

24. On or about April 2019, Lucho was slotted directly into a full-time, permanent role in audio at or around a time when several other black employees of Defendants, all of whom having far more experience than Lucho, were vying for and/or actively filling-in for the vacant audio position on a temporary/interim basis. Plaintiff was one of the

employees who wanted and was filling-in for the particular audio position to which Lucho was assigned.

25. Upset and confused about Lucho being given the full-time, permanent audio position, considering Lucho's lack of experience, qualifications, and tenure, Plaintiff complained to his supervisor, Gina Fernandez, about the disparate treatment with respect to work opportunities offered by Defendants. Plaintiff, again, asked about the terms and conditions of Lucho's employment, and specifically whether he was making more money than he was.

26. Fernandez disclosed to Plaintiff that Lucho was being paid more than Plaintiff.

27. When Lucho was assigned the full-time, permanent audio position, he was given a $30,000 raise, notably at a time when no other similarly situated, full-time employee temporarily filling-in at audio was receiving a raise due to supposed budgetary concerns.

28. Plaintiff was upset about being passed over for the full-time audio position by someone less experienced, less qualified, and who had far less tenure.

29. During the relevant times of this action, Defendants subjected the Plaintiff to disparate treatment in the terms, conditions, and privileges of his employment by giving less preferential treatment to him compared to an individual outside of the Plaintiff's protected class in a way that adversely affected Plaintiff in the terms, conditions, and privileges of his employment.

30. Plaintiff had far greater experience, qualifications, and tenure compared to Lucho, and was particularly qualified for the permanent audio position at the time Lucho was selected for the position over him. In fact, Plaintiff asserts that Lucho was not even minimally qualified for that position but received it regardless of his shortcomings.

31. Technical qualifications, tenure, and experience aside, the only marked difference between Plaintiff and Lucho was along racial lines, with Plaintiff being black and Lucho being white.

32. As a result of the unlawful and discriminatory preferential treatment by Defendants, Plaintiff was unfairly denied work opportunities, opportunities for advancement, and/or opportunities for higher wages that were offered to a lesser qualified individual outside of Plaintiff's protected class membership.

33. As a further result of the unlawful and discriminatory preferential treatment by Defendants, Plaintiff has been humiliated, degraded, victimized, embarrassed, and emotionally and financially damaged.

34. Due to the discriminatory treatment described in part herein, Plaintiff suffered and continues to suffer emotional distress and damages.

35. Defendants discriminated against Plaintiff on the basis of his race in that a similarly situated, albeit much less qualified, coworker outside of Plaintiff's protected class was afforded better work opportunities, higher compensation, and substantially larger bonuses, specifically at times when Defendants, by and through its employees, agents, and/or representatives, denied Plaintiff such benefits and work opportunities due to supposed budgetary concerns.

36. Throughout his employment with Defendants, Plaintiff performed his duties at or above satisfactory levels.

37. Any justification asserted by Defendants as lawful basis for its conduct is merely pretextual of the unlawful discriminatory conduct cited herein.

## <u>COUNT I</u>
### *Race Discrimination in Violation of § 1981 Against Defendant CBS*

38. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

39. Plaintiff is a Black, African American individual and is thus a member of a class of persons protected against discriminatory treatment under § 1981.

40. At all times material hereto, Plaintiff was qualified for his position with Defendant, having the necessary skills, experience and other qualifications necessary to perform the essential duties of his position and other positions to which he applied with Defendant.

41. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity and/or disparate treatment.

42. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

43. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

44. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

45. Defendant retained all of its employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

46. As a result of the Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional

distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

48. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

49. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant CBS:

a. Adjudge and decree that Defendant CBS has violated § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant CBS pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices and disparate treatment described herein;

c. Enter an award against Defendant CBS and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant CBS to compensate Plaintiff at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant

CBS, and/or award front pay;

   e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT II**</u>
*Race Discrimination in Violation of § 1981 Against Defendant Paramount*

50. Plaintiff readopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

51. Plaintiff is a Black, African American individual and is thus a member of a class of persons protected against discriminatory treatment under § 1981.

52. At all times material hereto, Plaintiff was qualified for his position with Defendant, having the necessary skills, experience and other qualifications necessary to perform the essential duties of his position and other positions to which he applied with Defendant.

53. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity and/or disparate treatment.

54. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained all of its employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

58. As a result of the Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter them, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant Paramount:

a. Adjudge and decree that Defendant Paramount has violated § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant Paramount pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for

the unlawful employment practices and disparate treatment described herein;

c.   Enter an award against Defendant Paramount and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.   Require Defendant Paramount to compensate Plaintiff at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant Paramount, and/or award front pay;

e.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all the issues triable as of right by jury.

Dated: February 6, 2023                              Respectfully submitted,

*/s/ Corey L. Seldin*
Peter M. Hoogerwoerd, Esq.
Florida Bar No.: 0188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Florida Bar No.: 1026565
cseldin@rgpattorneys.com
*REMER, GEORGES-PIERRE*
*& HOOGERWOERD, PLLC*
2745 Ponce De Leon Blvd
Coral Gables, FL 33134
Telephone: (305) 416-5000

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

KEITH MOORE,

     Plaintiff,                        Case No.: 2023-001999-CA-01

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, and
PARAMOUNT, INC., a Foreign Profit
Corporation and Successor in Interest to
CBS BROADCASTING, INC.,

     Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

**TO:** CBS BROADCASTING, INC., through its Registered Agent:

          CORPORATION SERVICE COMPANY
          1201 HAYS STREET
          TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

          PETER M. HOOGERWOERD, ESQ.
          REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
          2745 PONCE DE LEON BLVD.
          CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                         DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

KEITH MOORE,

     Plaintiff,                       Case No.: 2023-001999-CA-01

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, and
PARAMOUNT, INC., a Foreign Profit
Corporation and Successor in Interest to
CBS BROADCASTING, INC.,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** CBS TELEVISION STATIONS, INC., through its Registered Agent:

               CORPORATION SERVICE COMPANY
               1201 HAYS STREET
               TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

               PETER M. HOOGERWOERD, ESQ.
               REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
               2745 PONCE DE LEON BLVD.
               CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                          DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

KEITH MOORE,

      Plaintiff,                         Case No.: 2023-001999-CA-01

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, and
PARAMOUNT, INC., a Foreign Profit
Corporation and Successor in Interest to
CBS BROADCASTING, INC.,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** PARAMOUNT, INC., through its Registered Agent:

      THE PRENTICE-HALL CORPORATION SYSTEM, INC.
      1201 HAYS STREET
      TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      PETER M. HOOGERWOERD, ESQ.
      REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
      2745 PONCE DE LEON BLVD.
      CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                             DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

KEITH MOORE,

      Plaintiff,                        Case No.: 2023-001999-CA-01

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, and
PARAMOUNT, INC., a Foreign Profit
Corporation and Successor in Interest to
CBS BROADCASTING, INC.,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** CBS BROADCASTING, INC., through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
        2745 PONCE DE LEON BLVD.
        CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Luis G. Montaldo,
CLERK AD INTERIM



3/10/2023

CLERK _____ DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

KEITH MOORE,

     Plaintiff,                       Case No.: 2023-001999-CA-01

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, and
PARAMOUNT, INC., a Foreign Profit
Corporation and Successor in Interest to
CBS BROADCASTING, INC.,

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** CBS TELEVISION STATIONS, INC., through its Registered Agent:

        CORPORATION SERVICE COMPANY
        1201 HAYS STREET
        TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
        2745 PONCE DE LEON BLVD.
        CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Luis G. Montaldo,
CLERK AD INTERIM
_____     3/10/2023

CLERK                               DATE

324337

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

KEITH MOORE,

      Plaintiff,                   Case No.: 2023-001999-CA-01

v.

CBS TELEVISION STATIONS, INC.,
a Foreign Profit Corporation, and
PARAMOUNT, INC., a Foreign Profit
Corporation and Successor in Interest to
CBS BROADCASTING, INC.,

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** PARAMOUNT, INC., through its Registered Agent:

      THE PRENTICE-HALL CORPORATION SYSTEM, INC.
      1201 HAYS STREET
      TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      PETER M. HOOGERWOERD, ESQ.
      REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC.
      2745 PONCE DE LEON BLVD.
      CORAL GABLES, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Luis G. Montaldo,
CLERK AD INTERIM

_____  3/10/2023

CLERK                            DATE

324337

_____

(BY) DEPUTY CLERK

Filing # 170240862 E-Filed 04/03/2023 05:11:03 PM

| | | |
|---|---|---|
| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |

| DIVISION | WAIVER OF SERVICE OF PROCESS | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | (c) Forms for Services by Mail.<br>(2) Waiver of Service of Process. | 2023-001999-CA-01 |

| PLAINTIFF(S)<br>KEITH MOORE | VS. DEFENDANT(S)<br>CBS TELEVISION STATIONS, INC.,<br>a Foreign Profit Corporation, and<br>PARAMOUNT, INC., a Foreign Profit<br>Corporation and Successor in Interest<br>to<br>CBS BROADCASTING, INC. | CLOCK IN |
|---|---|---|

**TO:** Benjamin Davis

I acknowledge receipt of your request that I waive service of process in the lawsuit of _____KEITH MOORE_____ v. _____CBS TELEVISION STATIONS, INC.⊞_____ in the ☒ Circuit ☐ County Court in _____MIAMI DADE COUNTY⊞_____. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service process and an additional copy of the complaint in this lawsuit by not requiring that I, (or the entity on whose behalf I am acting), be served with judicial process in the manner provided by Fla. R. Civ. P.1.070.

If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, and my authority to accept service on behalf of such person or entity is as follows: I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

(describe relationship to person or entity and authority to accept service) _____Blair Robinson, Esq. of Baker & McKenzie, LLP,_____

_____counsel for Defendants, CBS Television Stations Inc. and Paramount._____.

    I, (or the entity on whose behalf I am acting), will retain all defense or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me, (or the party on whose behalf I am acting), if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

**DATED ON** _____March 27, 2023_____

_____
Defendant or Defendant's Representative

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**



# MIAMI-DADE COUNTY CLERK OF THE COURTS
## LUIS G. MONTALDO, CLERK AD INTERIM

Contact Us     My Account     

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

---

« BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

### KEITH MOORE VS CBS TELEVISION STATIONS INC ET AL

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2023-001999-CA-01 | **Filing Date:** | 02/06/2023 |
| **State Case Number:** | 132023CA001999000001 | **Judicial Section:** | CA13 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

### ☰ Related Cases

Total Of Related Cases: 0   ▬

| Case Number | Filing Date | Case Type |
|---|---|---|

### 👥 Parties

Total Of Parties: 3   ▬

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | MOORE, KEITH | **B#:  (Bar Number)**188239<br>**N:  (Attorney Name)**Hoogerwoerd, Peter | |
| Defendant | CBS TELEVISION STATIONS INC | | |
| Defendant | PARAMOUNT INC | | |

### ⚒ Hearing Details

Total Of Hearings: 0   ▬

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

### 🔊 Dockets

Total Of Dockets: 14   ▬

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 12 | 04/03/2023 | | Waiver: | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 11 | 03/11/2023 | | Receipt: | Event | **RECEIPT#:3300131 AMT PAID:$30.00 NAME:HOOGERWOERD, PETER 2745 PONCE DE LEON BLVD CORAL GABLES FL 33134 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$30.00 RECEIPT DATE:03/11/2023 REGISTER#:330 CASHIER:EFILINGUSER** |
| | | 03/10/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 10 | 03/10/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 7.** Parties: PARAMOUNT INC |
| | | 03/10/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 9 | 03/10/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 6.** Parties: CBS TELEVISION STATIONS INC |
| | | 03/10/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 8 | 03/10/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 5.** Parties: CBS TELEVISION STATIONS INC |
| 📄 | 7 | 03/10/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 6 | 03/10/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 5 | 03/10/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 4 | 02/08/2023 | | Receipt: | Event | **RECEIPT#:3110171 AMT PAID:$401.00 NAME:HOOGERWOERD, PETER 2745 PONCE DE LEON BLVD CORAL GABLES FL 33134 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:02/08/2023 REGISTER#:311 CASHIER:EFILINGUSER** |
| 📄 | 2 | 02/06/2023 | | Complaint | Event | |
| 📄 | 1 | 02/06/2023 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



**Luis G. Montaldo**
**Clerk Ad Interim**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2023 Clerk of the Courts. All rights reserved.

